■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY SERRANO, Appellant. [877 NYS2d 472]—

Appeal by the defendant from an order of the County Court, Westchester County (Cohen, J.), dated May 9, 2008, which, after

a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted of sodomy in the first degree, sexual abuse in first degree, unlawful imprisonment in the second degree, and endangering the welfare of a child. The defendant sexually assaulted his roommate in a psychiatric hospital where the defendant had been admitted the night before the assault.

Contrary to the defendant's contentions, the hearing court properly assessed points for risk factor 7 because he was a stranger to the victim (*see People v Lewis,* 45 AD3d 1381 [2007]). The defendant and the victim met for the first time the night before the assault. Although the victim knew the defendant's name, there was no evidence that either knew anything else about the other. Moreover, initially the defendant attempted to entice the victim to consent to the act by telling him that he was a gang member and that it was an initiation, relying on the fact that the victim knew little, if anything at all, about the defendant. Accordingly, the hearing court properly determined that the defendant and the victim were strangers (*see People v Gaines,* 39 AD3d 1212 [2007]; *cf. People v McGraw,* 24 AD3d 525 [2005]).

Further, the defendant conceded the assessment of points for risk factor 5, for the victim being under 16 years of age, and for risk factor 8, for the defendant being under 20 years of age at the time he committed this sex offense. Accordingly, his claims challenging the assessment of those points are unpreserved for appellate review (*see People v Kelly,* 46 AD3d 790 [2007]).

A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). Here, the defendant failed to meet his burden of establishing the appropriateness of a downward departure (*see People v Derrico,* 55 AD3d 810, 811 [2008]). Thus, the County Court providently exercised its discretion in denying such a departure. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.