■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMITH, Appellant. [958 NYS2d 625]—

Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), dated April 7, 2011, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, it was within the County Court's discretion to consider, as reliable hearsay evidence, documents that did not strictly comply with CPLR 4540 (*see People v Wheeler*, 46 AD3d 1082 [2007]; *see also People v Mingo*, 12 NY3d 563 [2009]).

The County Court's designation of the defendant as a level three sexually violent offender was supported by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Pettigrew*, 14 NY3d 406, 408 [2010]; *People v Samayoa*, 96 AD3d 1031, 1032 [2012]). Contrary to the defendant's contention, the County Court did not err in assessing him 10 points under risk factor 1 (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7-8 [2006] [hereinafter SORA Guidelines]), 20 points under risk factor 7 (*see* SORA Guidelines at 15-16), and 10 points under risk factor 13. Additionally, the defendant was properly designated a sexually violent offender based upon his convictions of sex offenses in New Jersey (*see* Correction Law § 168-a [3]; Penal Law § 130.50).

The defendant's contention that he was deprived of his constitutional right to due process of law by a delay in the commencement of the SORA proceeding is not properly before this Court since he failed to raise this argument before the County Court (*see People v Gonzalez*, 69 AD3d 819 [2010]; *People v Ruben*, 65 AD3d 1026, 1027 [2009]). Skelos, J.P., Dickerson, Chambers and Hinds-Radix, JJ., concur.