■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK BARCLAY, Appellant. [967 NYS2d 422]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Ingram, J.), dated February 10, 2011, which, after a hearing, designated him a level two sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court's designation of the defendant as a level two sexually violent offender under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) was supported by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Pettigrew,* 14 NY3d 406, 408 [2010]; *People v Mingo,* 12 NY3d 563, 571 [2009]; *People v Atkinson,* 65 AD3d 1112 [2009]; *People v Bright,* 63 AD3d 1133 [2009]). Contrary to the defendant's contention, in assessing him 15 points under risk factor 12, the Supreme Court did not improvidently exercise its discretion in crediting, among other things, the case summary prepared by the Board of Examiners of Sex Offenders and the defendant's Department of Corrections and Community Supervision records, rather than the defendant's testimony to the contrary, in concluding that the People proved by clear and convincing evidence that the defendant refused sex-offender treatment several times over the course of his imprisonment, and that he never completed treatment while imprisoned (*see People v Murphy,* 68 AD3d 832 [2009]; *People v Mercado,* 55 AD3d 583 [2008]; *People v Palladino,* 46 AD3d 864, 865 [2007]; *People v Mitchell,* 300 AD2d 377, 377-378 [2002]). In addition, the People met their burden of adducing facts in support of the assessment of 10 points under risk factor 13 by clear and convincing evidence (*see* Correction Law § 168-n [3]).

Further, since the defendant failed to meet his threshold burden of establishing a "mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (SORA: Risk Assessment Guidelines and Commentary at 4 [2006]), the Supreme Court did not err in denying his request, in effect, for a downward departure to level one (*see People v Johnson*, 11 NY3d 416, 421 [2008]; *People v Perez*, 104 AD3d 746 [2013], *lv denied* 21 NY3d 855 [2013]; *People v Wyatt*, 89 AD3d 112, 128 [2011]).

The defendant's remaining arguments, raised in his pro se supplemental brief, are unpreserved for appellate review, and, in any event, are without merit. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.