# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**917**

**KA 12-00607**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KIMBERLY THOUSAND, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered February 21, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that she is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, Supreme Court did not err in assessing 15 points in the risk assessment instrument based on her failure to accept responsibility for her sex offense and her "negative removal" from sex offender treatment due to her refusal to participate in that treatment. With respect to defendant's failure to accept responsibility, we conclude that, "while defendant's guilty plea could be viewed as an initial step toward acceptance of responsibility" (*People v Chilson*, 286 AD2d 828, 828, *lv denied* 97 NY2d 655), her refusal to participate in sex offender treatment "indicates a failure of genuine acceptance of responsibility" (*People v Arvelo*, 77 AD3d 452, 452, *lv denied* 16 NY3d 703).

With respect to her refusal to participate in sex offender treatment, we reject defendant's contention that she should not have been assessed any points for that refusal because she was too embarrassed to discuss her offense in a group setting. "[T]he risk assessment guidelines do not contain exceptions with respect to a defendant's reasons for refusing to participate in treatment" (*People v Kearns*, 68 AD3d 1713, 1714; *see generally* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]). While there may be times when defendants have legitimate reasons for

refusing to participate in treatment, courts should consider those reasons only when determining whether to exercise their discretion to grant downward departures (*see Kearns*, 68 AD3d 1713-1714).  Here, defendant did not seek a downward departure and, in any event, we conclude that defendant's alleged embarrassment is not a legitimate reason to refuse to participate in sex offender treatment.

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court