THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GRIGG, Appellant. [977 NYS2d 84]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), dated August 12, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant was designated a level two sex offender. The defendant's contention that he was improperly assessed 15 points under risk factor 12 ("acceptance of responsibility") on the ground that he refused to participate in sex offender treatment because his direct appeal was pending at that time, is preserved for appellate review (*see People v Fryer*, 101 AD3d 835 [2012]). The defendant's remaining contentions regarding this risk factor are unpreserved for appellate review since he failed to raise those grounds before the Supreme Court (*see id.*). In any event, all of the defendant's contentions are without merit. The People presented clear and convincing evidence that the defendant refused to participate in sex offender treatment while incarcerated (*see People v Barclay*, 107

AD3d 868 [2013]). Contrary to the defendant's contention, there does not have to be clear and convincing evidence of both a failure to accept responsibility and a refusal to participate in treatment in order to assess 15 points under this risk factor. Rather, "a refusal to participate in a sex offender treatment program automatically demonstrates an unwillingness to accept responsibility for the crime" (*People v DeCastro*, 101 AD3d 693, 693 [2012]; *see People v Radage*, 98 AD3d 1194, 1195 [2012]). The defendant failed to provide any proof that he refused to participate in sex offender treatment because of the impact any admission might have had on his direct appeal and possible resentence (*cf. People v Kearns*, 68 AD3d 1713, 1713-1714 [2009]). In any event, the " 'risk assessment guidelines do not contain exceptions with respect to a defendant's reasons for refusing to participate in treatment' " (*People v Thousand*, 109 AD3d 1149, 1150 [2013], quoting *People v Kearns*, 68 AD3d at 1714). Reasons for not participating in sex offender treatment are only relevant in considering a request for a downward departure, and the defendant never made such a request (*see People v Thousand*, 109 AD3d 1149 [2013]; *People v Kearns*, 68 AD3d at 1713-1714).

Accordingly, the Supreme Court properly assessed the defendant 15 points under risk factor 12 in adjudicating him a level two sex offender. Mastro, J.P., Rivera, Leventhal and Chambers, JJ., concur.