■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK WOODS, Appellant. [1 NYS3d 388]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated June 27, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A downward departure from a sex offender's presumptive risk level generally is warranted only where there exists a mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Sex Offender Registration Act (hereinafter SORA) Guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *People v Worrell*, 113 AD3d 742, 742 [2014]; *People v Fryer*, 101 AD3d 835, 836 [2012]). When a defendant seeks a downward departure, he or she has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Fryer*, 101 AD3d at 836; *see People v Gillotti*, 23 NY3d 841, 861 [2014]). However, even if the defendant is successful in doing so, the requested downward departure is not automatically granted (*see People v Gillotti*, 23 NY3d at 861; *People v Wyatt*, 89 AD3d 112, 121 [2011]). "Rather, upon such a showing, the court is authorized to exercise its sound discretion in determining whether, under all the circumstances of the case, the requested departure should be granted or denied" (*People v Wyatt*, 89 AD3d at 121).

Here, the defendant was assessed 85 points on the Risk Assessment Instrument prepared by the Board of Examiners of Sex Offenders, designating him a presumptive level two sex offender. The defendant contested the assessment of 10 points for risk factor 12. Even without those points, the defendant was a presumptive level two sex offender. In any event, the assessment of those 10 points was proper since there was clear and convincing evidence in the record that the defendant did not accept responsibility for his actions (*see e.g. People v Medina*, 118 AD3d 764 [2014]; *People v Smith*, 103 AD3d 616, 617 [2013]; *People v Carroll*, 102 AD3d 848, 849 [2013]).

At the SORA hearing, the defendant sought a downward

departure based upon the mitigating circumstance set forth in the SORA Guidelines that the victim's lack of consent was due only to the victim's inability to consent by virtue of age, and the defendant contended that the assessment of 25 points under risk factor 2 (sexual intercourse) resulted in an overassessment of his risk of reoffense (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9 [2006]). Contrary to the defendant's contentions, the evidence that he submitted of the supposedly "consensual" nature of his sexual intercourse with the victim, and the fact that the victim was only a few months shy of her 17th birthday at the time, failed to establish by a preponderance of the evidence that the assessment of points under risk factor 2 resulted in an overassessment of his risk (*see People v Wyatt*, 89 AD3d at 129-130).

Accordingly, the County Court properly denied the defendant's application for a downward departure from his presumptive risk level. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.