■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. LIGUORI, Appellant. [7 NYS3d 910]—Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated August 26, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Once a presumptive risk level has been determined under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), a defendant who requests a downward departure from that level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128 [2011]; see People v Gillotti, 23 NY3d 841, 860-861 [2014]; People v Woods, 125 AD3d 622, 623 [2015]).

Here, the defendant, whose presumptive risk level was three pursuant to one of the overriding factors set forth in the SORA Guidelines, failed to identify any appropriate mitigating factor that would warrant a downward departure from that level. Accordingly, the County Court properly denied the defendant's request for a downward departure to risk level two and adjudicated him a level three sex offender. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.