THE PEOPLE OF STATE OF NEW YORK, Respondent, v JEF-FREY PINCKNEY, Appellant. [11 NYS3d 676]—Appeal by the defendant from an order of the Supreme Court, Kings County (J. Goldberg, J.), dated November 1, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly designated the defendant a level three sex offender. Contrary to the defendant's contention, the court properly assessed 10 points under risk factor 10 of the Sex Offender Registration Act Guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006] [hereinafter SORA Guidelines]), based on the recency of a prior felony committed by him. The People established, by clear and convincing evidence, that the defendant had been at liberty for a period of less than three years between the time of his prior felony conviction on December 18, 1989, and the instant offense, which occurred on August 19, 1992 (*see People v James*, 99 AD3d 775 [2012]; *People v Dunn*, 82 AD3d 856 [2011]; *People v Hyson*, 27 AD3d 919, 920 [2006]; *cf. People v Neuer*, 86 AD3d 926 [2011]). Furthermore, the court appropriately assessed 15 points under risk factor 11, as the People established, by clear and convincing evidence, that the defendant had a history of drug abuse (*see People v Palmer*, 20 NY3d 373, 377-378 [2013]; *People v Johnson*, 109 AD3d 972 [2013]; *People v Finizio*, 100 AD3d 977, 978 [2012]; *People v Harris*, 93 AD3d 704 [2012]).

In addition, the Supreme Court properly assessed 15 points

under both risk factor 12 and risk factor 14 (*see People v Pratt*, 61 AD3d 836 [2009]; *People v Orengo*, 40 AD3d 609 [2007]). The People presented clear and convincing evidence that the defendant refused to participate in sex offender treatment while incarcerated, justifying the assessment of 15 points under risk factor 12 (*see People v Grigg*, 112 AD3d 802 [2013]; *People v Barclay*, 107 AD3d 868 [2013]). The defendant was properly assessed 15 points under risk factor 14 for being released into the community without supervision (*see* SORA Guidelines at 17; *People v Stapleton*, 125 AD3d 951, 952 [2015]; *People v Fryer*, 101 AD3d 835 [2012]). Contrary to the defendant's contention, the assessment of points under both risk factor 12 and risk factor 14 did not amount to impermissible "double counting" (*People v Ologbonjaiye*, 109 AD3d 804, 805 [2013]; *see People v Johnson*, 118 AD3d 684, 685 [2014]).

The Supreme Court properly denied the defendant's request for a downward departure from his presumptive risk level designation, as the record does not reflect the existence of special circumstances warranting a downward departure (*see People v Johnson*, 118 AD3d at 685; *see generally People v Wyatt*, 89 AD3d 112, 118-122 [2011]). Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.