■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEJANDRO SIERRA, Appellant. [17 NYS3d 697]—

Order, Supreme Court, New York County (Bonnie G. Wittner, J.), entered September 20, 2013, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly assessed 15 points for causing physical injury, because the victim's grand jury testimony describing the violent manner in which defendant inflicted bruises, and the resulting substantial pain, support a finding of such injury by clear and convincing evidence (*see People v Chiddick*, 8 NY3d 445, 447-448 [2007]; *People v Guidice*, 83 NY2d 630, 636 [1994]). The court also properly assessed 15 points for defendant's failure to accept responsibility, in light of the People's proof that he was expelled from a sex offender treatment program for poor progress, despite having been given three opportunities to complete the program, and that he refused further participation after his removal (*see People v Grigg*, 112 AD3d 802, 803 [2d Dept 2013], *lv denied* 22 NY3d 865 [2014]; *People v Thousand*, 109 AD3d 1149 [4th Dept 2013], *lv denied* 22 NY3d 857 [2013]).

The court properly exercised its discretion when it declined to grant a downward departure (*see People v Gillotti*, 23 NY3d 841 [2014]). There were no mitigating factors that were not adequately taken into account by the guidelines, and the rec-

ord does not establish any basis for a downward departure, given defendant's criminal history. Concur—Mazzarelli, J.P., Renwick, Andrias and Manzanet-Daniels, JJ.