■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY PALACIOS, Appellant. [26 NYS3d 351]—

Appeal by the defendant from an order of the Supreme Court, Kings County (W. Miller, J.), dated May 13, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In this proceeding to determine the defendant's risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), the Supreme Court properly assessed the defendant 20 points under risk factor 7 (relation-

ship with the victim). The defendant and the victim met for the first time on the night of the crime, and they were therefore "strangers" within the meaning of SORA (*see People v Mabee*, 69 AD3d 820, 820 [2010]; *People v Serrano*, 61 AD3d 946, 947 [2009]). The court also correctly assessed the defendant 15 points under risk factor 11 (history of drug or alcohol abuse). The People established that, four years before the crime, the defendant admitted that he had a history of drug and alcohol abuse, and further established that he was drinking alcohol and smoking marijuana on the night of the crime (*see People v Pinckney*, 129 AD3d 1048, 1048 [2015]; *cf. People v Palmer*, 20 NY3d 373 [2013]). In addition to the point assessments that the defendant does not challenge on appeal, the assessment of points under risk factors 7 and 11, upon the People satisfying their burden of proving the underlying facts by clear and convincing evidence, resulted in the assessment of 110 points, which supports the court's designation of the defendant as a level three sex offender.

The defendant's challenge to the assessment of 15 points under risk factor 14 (supervision) is, in part, unpreserved for appellate review, and we decline to review that portion of his claim. The defendant's contention that is preserved, that the People were required to prove that he would not be supervised in the country to which he was expected to be deported, is without merit.

Accordingly, the defendant was properly designated a level three sex offender. Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.