[35 NYS3d 5]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE
REID, Appellant.

First Department, June 7, 2016

**APPEARANCES OF COUNSEL**

*Robert S. Dean, Center for Appellate Litigation*, New York City (*Abigail Everett* of counsel), and *Kaye Scholer LLP*, New York City (*Diana Sterk* of counsel), for appellant.

*Darcel D. Clark, District Attorney*, Bronx (*James Wen* and *Peter D. Coddington* of counsel), for respondent.

**OPINION OF THE COURT**

GISCHE, J.

In August 2006, defendant was convicted in Michigan of accosting a child for immoral purposes and three counts of criminal sexual conduct. It is undisputed that in April 2012, after completing his prison term for the underlying sex offenses, defendant was released from custody without supervision. Defendant relocated to New York, and six months later, in October 2012, he was arrested for failing to register as a sex offender, in violation of federal law (18 USC § 2250). He pleaded guilty in June 2013 and was sentenced to 18 months' incarceration, followed by five years of supervised release. The conditions of his federal supervised release include participation in sex offender treatment, refraining from contact with children without permission, warrantless searches of his home and person, and having his personal computer monitored.

The sole issue raised by this appeal is whether defendant is entitled to have his sex offender status under the Sex Offender Registration Act (SORA) (Correction Law art 6-C) reduced from a level two to a level one, based on his argument that he was improperly assessed 15 points under risk factor 14 because, notwithstanding that he was released without supervision from prison in Michigan, he is presently subject to supervision following his release on the federal conviction. We hold that because the Michigan conviction is the qualifying offense triggering the SORA assessment under New York law, defendant was properly scored 15 points for factor 14 on the risk assessment instrument (RAI). The federal offense is not a qualifying offense under SORA and, consequently, cannot serve as the basis for the guideline scoring required under the RAI. While supervision following a nonqualifying offense might bear upon

the possibility of a downward departure, defendant does not raise this issue on appeal. In any event, on this record it is not clear that the circumstances of the federal conviction and the consequent federal supervision would support a downward departure.

A SORA proceeding, which is civil in nature, determines the risk of reoffense by a person convicted of a qualifying sex offense and then requires the person to register with law enforcement officials according to that adjudicated risk level (*People v Pettigrew*, 14 NY3d 406, 408 [2010]). The Board of Examiners of Sex Offenders is required to make a recommendation to the court hearing the SORA application by considering 15 statutory factors and applying them according to guidelines developed to assess an individual applicant's risk of a repeat offense (*People v Watson*, 112 AD3d 501, 502 [1st Dept 2013], *lv denied* 22 NY3d 863 [2014]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]). The evaluation is made using the RAI to identify each factor, which if established, is assigned a numerical value. The values are then tallied and a risk assessment is recommended according to a corresponding schedule. The assessment is considered presumptively correct at the SORA hearing (*id.*). The SORA court reviews whether the RAI has correctly assigned points for certain risk factors.* In addition, the court may also consider whether there are mitigating or aggravating circumstances that would warrant a departure from the presumptive risk assessment made in accordance with the RAI guidelines. Departures can account for circumstances when the guidelines are not a perfect fit for a required risk assessment (*People v Johnson*, 11 NY3d 416, 421 [2008]). It is well recognized, however, that the circumstances warranting departures should be of a kind or to a degree that is otherwise not adequately taken into account by the guidelines (*People v Rodriguez*, 128 AD3d 603 [1st Dept 2015], *lv denied* 26 NY3d 907 [2015]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]).

Factor 14 expressly provides that when an offender "will be released with no official supervision," 15 points should be assessed on the RAI. In the event, however, that an offender "will be released under the supervision of a probation, parole or

---

* There are certain overrides that are not relevant here (*see* Correction Law § 168-1 [5]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, V. Overrides [2006]).

mental health professional who specializes in the management of sexual offenders or oversees a sex offender caseload" then no points are assessed. Defendant argues that he should not be assessed any points under factor 14 because he is currently under federal supervision which satisfies the requirement that he be managed and treated as a sex offender. SORA, however, applies only when a defendant is convicted of a "sex offense" as that term is defined under Correction Law § 168-a. Qualifying sex offenses include expressly enumerated sections of the Penal Law (Correction Law § 168-a [2]). They also include offenses in other jurisdictions that contain all the essential elements of the New York offenses, or for which registration as a sex offender in that foreign jurisdiction is required (Correction Law § 168-a [2] [d] [i], [ii]). However, neither 18 USC § 2250, the statute under which defendant was federally convicted, nor the New York offense criminalizing a sex offender's failure to register after establishing residence in the state is listed among the offenses mandating registration under SORA (*see* Correction Law §§ 168-a, 168-k, 168-t).

Under SORA, in the case at bar, only the Michigan conviction qualifies as a sex offense requiring registration. The federal offense to which defendant later pleaded guilty does not. The Board Guidelines make it clear the RAI scoring is predicated upon consideration of an offender's "current offense," which clearly relates to the SORA qualifying offense and not necessarily other offenses that a defendant may have committed (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, II. Criminal History). Thus, when considering factor 14, the SORA court properly looked to Michigan as the qualifying conviction. Because there is no dispute that defendant was not subject to any supervision at any time following his release from Michigan's custody, he was properly assessed 15 points under the RAI (*see generally* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17; *People v Pinckney*, 129 AD3d 1048 [2d Dept 2015]; *People v McNeil*, 116 AD3d 1018 [2d Dept 2014], *lv denied* 23 NY3d 908 [2014]).

This interpretation does not foreclose consideration of what impact, if any, the federal supervision may have on defendant's risk of future reoffense. Because that information is not captured by consideration of the guideline factors, it could have been separately considered by the SORA court as a mitigating factor in the context of a request for a departure

(Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4; *People v Gordon*, 133 AD3d 835 [2d Dept 2015], *lv denied* 27 NY3d 905 [2016]; *People v Gillotti*, 23 NY3d 841, 861 [2014]). Were supervision pursuant to the nonqualifying federal offense interchangeable with supervision pursuant to the qualifying offense for guideline purposes, there would be no accounting for the fact that following defendant's release on the Michigan conviction there was no supervision. On the other hand if the supervision on the nonqualifying federal offense may be considered on the issue of a possible departure, all of the relevant information could be accounted for at the SORA hearing, which is in keeping with the statute (*see Johnson*, 11 NY3d at 420-421). In this case, although a request for a downward departure was made and summarily denied at the SORA hearing, defendant does not argue the propriety of a downward departure on appeal. Nor are we willing to say on this record that the federal supervision would have necessarily warranted a downward departure, given that it was the consequence of defendant's failure to register as a sex offender in the first place, a fact which may be an aggravating factor in terms of a risk of reoffense.

Defendant's argument that factor 14 requires us to consider defendant's release conditions only at the time of SORA evaluation begs the question of whether the federal offense is a qualifying offense. There was no supervision following the Michigan conviction either at the time of his release or at the time of the SORA evaluation (*see People v English*, 60 AD3d 923 [2d Dept 2009], *lv denied* 12 NY3d 712 [2009]; *People v Leeks*, 43 AD3d 1251 [3d Dept 2007]). Because the Michigan offense is the qualifying offense, the SORA court evaluation did not run afoul of the rule that the risk be assessed at the time of evaluation. Our interpretation of the guidelines is not, as argued by defendant, punitive. It serves the salutary objective of having a complete record of information required to make a proper risk assessment before the SORA court, including information related to the qualifying sex offense, as well as any mitigating or aggravating factors not otherwise captured by the guidelines (*see People v Johnson*, 11 NY3d at 420-421; *People v Watson*, 112 AD3d at 502-503).

Accordingly, the order of the Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about October 1, 2014, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act, should be affirmed, without costs.

Tom, J.P., Sweeny, Manzanet-Daniels and Gesmer, JJ., concur.

Order, Supreme Court, Bronx County, entered on or about October 1, 2014, affirmed, without costs.