■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC C. COOPER, Appellant. [36 NYS3d 195]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated August 27, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In this proceeding to determine the defendant's risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), the County Court properly assessed the defendant 20 points under risk factor 7 (relationship with the victim). The People established, by clear and convincing evidence, that the defendant committed his first offense against the victim on the same day he met her, and was thus a "stranger" to the victim within the meaning of risk factor 7 (*see People v Palacios*, 137 AD3d 761 [2016]; *People v Sooknanan*, 119 AD3d 540 [2014]; *People v Mabee*, 69 AD3d 820, 820 [2010]; *People v Serrano*, 61 AD3d 946, 947 [2009]).

A defendant seeking a downward departure from the

presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841 [2014]). Here, the defendant failed to identify any appropriate mitigating factor which would warrant a downward departure from his presumptive designation as a level three sex offender (*see People v Liguori*, 128 AD3d 788 [2015]; *People v Wise*, 127 AD3d 834 [2015]). Accordingly, the County Court properly denied the defendant's request for a downward departure. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.