People v Quinones (2018 NY Slip Op 00322)





People v Quinones


2018 NY Slip Op 00322


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-02719

[*1]People of State of New York, respondent, 
v
Eric Quinones, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy Sini, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated February 7, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the defendant was designated a level three sex offender. Contrary to the defendant's contention, the County Court properly assessed 15 points under risk factor 12 (acceptance of responsibility). The defendant's refusal to participate in a sex offender treatment program automatically demonstrates an unwillingness to accept responsibility for the crime (see People v Grigg, 112 AD3d 802, 803; People v DeCastro, 101 AD3d 693, 693). While the defendant contended that he refused to participate in treatment while incarcerated because he believed that he would be better served by attending a program when he was released, and that he planned to attend such a program, "[r]easons for not participating in sex offender treatment are only relevant in considering a request for a downward departure" (People v Grigg, 112 AD3d at 803).
Further, the defendant's contention that he is entitled to a downward departure, which is made for the first time before this Court, is unpreserved for appellate review and, in any event, without merit (see People v Sweat, 147 AD3d 802, 802).
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court