The People of the State of New York, Respondent, 
against
Michael McNeil, Defendant-Appellant.



Defendant appeals from an order of the Criminal Court of the City of New York, Bronx County (Raymond L. Bruce, J.), dated November 17, 2014, which, after a hearing, designated him a level three sex offender under the Sex Offender Registration Act (Correction Law Art. 6-C).




Per Curiam.
Order (Raymond L. Bruce, J.), dated November 17, 2014, affirmed.
The court properly adjudicated defendant a level three sex offender. Defendant was properly assessed 15 points for lack of supervised release, since he was not sentenced to any post-release supervision on the SORA qualifying offense, a 2014 sexual misconduct conviction, notwithstanding that defendant was released from jail into the supervision of the Department of Parole to complete a period of post-release supervision for his prior, 2003 burglary conviction. "The Board Guidelines make it clear the RAI scoring is predicated upon consideration of an offender's 'current offense,' which clearly relates to the SORA qualifying offense and not necessarily other offenses that a defendant may have committed" (People v Reid, 141 AD3d 156, 159 [2016], lv denied 28 NY3d 901 [2016]). Since the burglary conviction was not the qualifying offense under SORA, it cannot serve as the basis for the guideline scoring required under the RAI (see People v Reid, 141 AD3d at 157). While the supervision on the nonqualifying burglary offense could have been considered on the issue of a possible departure (see id. at 160), defendant did not request a downward departure at the SORA hearing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 26, 2018