People v Graves (2018 NY Slip Op 04485)





People v Graves


2018 NY Slip Op 04485


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


751 KA 16-02148

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DWIGHT ROGER GRAVES, JR., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), entered September 30, 2016. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We reject defendant's contention that Supreme Court erred in assessing 15 points under risk factor 11, history of drug or alcohol abuse. Defendant admitted that he had a history of substance abuse, and he was referred to substance abuse rehabilitation programs during two separate periods of incarceration, as well as to an outpatient program when he was released to parole supervision (see People v Lowery, 93 AD3d 1269, 1270 [4th Dept 2012], lv denied 19 NY3d 807 [2012]).
Contrary to defendant's further contention, we conclude that the court properly assessed 15 points under risk factor 12, acceptance of responsibility, despite defense counsel's explanation at the hearing that defendant was expelled from treatment based upon his refusal to make admissions that he believed would negatively affect his pending appeal. The People presented clear and convincing evidence that defendant was expelled from treatment for poor participation, and the " risk assessment guidelines do not contain exceptions with respect to a defendant's reasons for refusing to participate in treatment' " (People v Thousand, 109 AD3d 1149, 1150 [4th Dept 2013], lv denied 22 NY3d 857 [2013]). Rather, "[r]easons for not participating in sex offender treatment are only relevant in considering a request for a downward departure, and the defendant never made such a request" (People v Grigg, 112 AD3d 802, 803 [2d Dept 2013], lv denied 22 NY3d 865 [2014]; see Thousand, 109 AD3d at 1150).
We agree with defendant that the court erred in assessing 20 points under risk factor 7 on the ground that the victim and defendant were strangers. There was no direct evidence concerning the relationship between defendant and the victim (cf. People v Cooper, 141 AD3d 710, 710 [2d Dept 2016], lv denied 28 NY3d 908 [2016]; People v Lewis, 45 AD3d 1381, 1381-1382 [4th Dept 2007], lv denied 10 NY3d 703 [2008]), and the circumstantial evidence on which the People rely does not constitute clear and convincing evidence that defendant and the victim were strangers. Nevertheless, even after subtracting those 20 points, defendant remains a level three risk (see People v Loughlin, 145 AD3d 1426, 1427 [4th Dept 2016], lv denied 29 NY3d 906 [2017]), and defendant did not request a downward departure from that risk level.
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court