People v Rosario (2018 NY Slip Op 05712)





People v Rosario


2018 NY Slip Op 05712


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2015-06830

[*1]People of State of New York, respondent,
v
Noah Rosario, appellant.


The Legal Aid Society, New York, NY (Michael C. Taglieri of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Joyce Adolfsen, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated July 21, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing an offender's appropriate risk level under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), "[t]he People bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]; see People v Mingo, 12 NY3d 563, 571; People v Pearce, 135 AD3d 722, 722; SORA: Risk Assessment Guidelines and Commentary at 5 [2006; hereinafter Guidelines]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Correction Law § 168-n[3]; People v Mingo, 12 NY3d at 571-572; Guidelines at 5).
We agree with the Supreme Court's assessment of 15 points under risk factor 11 of the risk assessment instrument for a history of drug or alcohol abuse. The defendant's history of drug or alcohol abuse was established by clear and convincing evidence in the form of his presentence report and the case summary completed by the Board (see People v Hernandez, 153 AD3d 862; People v Morrell, 139 AD3d 835, 835-836; People v Crandall, 90 AD3d at 629). Moreover, it was established by clear and convincing evidence that the defendant was abusing drugs and alcohol at the time of the offense (see People v Carpenter, 60 AD3d 833; People v Robinson, 55 AD3d 708), which, under the Guidelines, will generally justify the assessment of points in this category (see People v Crandall, 90 AD3d at 629-630).
Contrary to the defendant's contention, the People established, by clear and convincing evidence, that the assessment of 15 points under risk factor 12 was appropriate based on the defendant's refusal to participate in treatment. "[A] refusal to participate in a sex offender [*2]treatment program automatically demonstrates an unwillingness to accept responsibility for the crime" (People v DeCastro, 101 AD3d 693, 693; see People v Quinones, 157 AD3d 834; People v Grigg, 112 AD3d 802). Here, the People submitted a refusal notification form signed by the defendant, in which he stated, "I feel I don't need the program." Moreover, although the defendant contends that he may have refused treatment because he was afraid of another inmate, the " risk assessment guidelines do not contain exceptions with respect to a defendant's reasons for refusing to participate in treatment'" (People v Grigg, 112 AD3d at 803, quoting People v Thousand, 109 AD3d 1149, 1150; see People v Quinones, 157 AD3d 834).
The defendant's contention that he was improperly assessed 15 points for the infliction of physical injury, rather than 10 points for the use of forcible compulsion, under risk factor 1 need not be addressed, since the defendant was presumptively a level three sex offender based upon the points assessed for his drug and alcohol abuse, refusal to participate in treatment, and other factors that he does not contest.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court