<partyblock>

The People of the State of New York, Respondent,

against

Michael M. Thompson, Appellant.

The Legal Aid Society of Westchester County (Jacqueline F. Oliva, of counsel), for appellant.

Westchester County District Attorney (Laurie Sapakoff, of counsel), for respondent.

Appeal from an order of the City Court of New Rochelle, Westchester County (Susan I. Kettner, J.), entered November 20, 2015. The order, after a hearing, designated defendant a level two sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs.

On October 29, 2015, defendant pleaded guilty to attempted aggravated sexual abuse in the fourth degree (Penal Law  110.00, 130.65-a [a]) and was sentenced to six years' probation. Immediately following sentencing, the City Court conducted a Sex Offender Registration Act (SORA) hearing, following which defendant was assessed 90 points on the risk assessment instrument (RAI), and the court designated defendant a level two sex offender.

Contrary to defendant's contention, he was properly assessed 10 points under risk factor 12 (Acceptance and Responsibility) of the RAI. At the SORA hearing, the People established that defendant had stated to his probation officer that he had pleaded guilty to get out of jail and that the victim had been a willing participant. Consequently, defendant showed no genuine acceptance of responsibility for his actions, and we discern no basis to disturb the 10 points assessed against defendant under risk factor 12. Furthermore, defendant's reason for not having an opportunity to participate in a treatment program would be relevant in considering a request for a downward departure; however, no such request was made on that ground at the SORA hearing (see People v Grigg, 112 AD3d 802 [2013]).

Defendant contends that he was improperly assessed 10 points under risk factor 1 of the RAI relating to forcible compulsion. Even assuming that defendant should not have been assessed 10 points under risk factor 1, defendant's risk assessment score would then have totaled [*2]80 points which would still place him at a presumptive risk level two (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006]).

Defendant's remaining contention that he was denied due process because he was not provided 45 days' notice of the SORA hearing is unpreserved for appellate review since he did not raise this issue at the SORA hearing (see People v Charache, 9 NY3d 829 [2007]), and we decline to review it in the interest of justice.

Accordingly, the order is affirmed.

MARANO, P.J., TOLBERT and BRANDS, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: November 08, 2018

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>