People v Diaz (2019 NY Slip Op 00916)





People v Diaz


2019 NY Slip Op 00916


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-12928

[*1]People of State of New York, respondent,
v Felix Diaz, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel; Danielle L. Haley on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael Brennan, J.), dated September 20, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a guilty plea, of criminal sexual act in the first degree. After a Sex Offender Registration Act (hereinafter SORA) risk level assessment hearing, the Supreme Court designated the defendant a level three sex offender. The court also denied the defendant's application for a downward departure from the presumptive risk level. The defendant appeals.
We agree with the Supreme Court's assessment of 15 points to the defendant under risk factor 12 of the risk assessment instrument. A refusal to participate in a sex offender treatment program automatically demonstrates an unwillingness to accept responsibility for the crime (see People v Quinones, 157 AD3d 834, 834; People v Brown, 131 AD3d 520, 520; People v Grigg, 112 AD3d 802, 802-803; People v Barclay, 107 AD3d 868, 868; People v DeCastro, 101 AD3d 693, 693). Moreover, notwithstanding the defendant's evidence of his motivation for refusing to complete his treatment program, the " risk assessment guidelines do not contain exceptions with respect to a defendant's reasons for refusing to participate in treatment'" (People v Grigg, 112 AD3d at 803, quoting People v Thousand, 109 AD3d 1149, 1150; see People v Kearns, 68 AD3d 1713, 1713-1714). Such evidence is "only relevant in considering a request for downward departure" (People v Grigg, 112 AD3d at 803).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender [*2]Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant's contention that certain factors warrant a downward departure from his presumptive risk level is unpreserved for appellate review because he did not raise those grounds at the SORA hearing (see People v Hogan, 163 AD3d 728, 728; People v Desito, 145 AD3d 1047, 1048). In any event, the mitigating circumstances identified by the defendant either were adequately taken into account by the Guidelines or were not proven by a preponderance of the evidence (see People v Brown, 161 AD3d 1201, 1201-1202; People v Hawthorne, 158 AD3d 651, 653-654; People v Robertson, 101 AD3d 1671, 1672).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's request for a downward departure from his presumptive risk level designation and to designate him a level three sex offender.
The defendant's contention that he was improperly assessed 15 points for the infliction of physical injury rather than 10 points for the use of forcible compulsion under risk factor 1 need not be addressed, since the defendant was presumptively a level three sex offender based upon the points assessed for risk factor 12 and for other factors that he does not contest.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court