People v Zachary (2020 NY Slip Op 06564)





People v Zachary


2020 NY Slip Op 06564


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-12942

[*1]People of State of New York, respondent,
v
Robert Zachary, appellant. Jeffrey D. Cohen, Kew Gardens, NY, for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated October 11, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was assessed 115 points under the risk assessment instrument, within the range for a presumptive designation as a level three sex offender. On appeal, the defendant challenges the assessment of 15 points under risk factor 12 for failure to accept responsibility involving an expulsion from sex offender treatment.
Upon a jury verdict, the defendant was convicted of rape in the first degree and two counts of sexual abuse in the first degree. During his presentence interview, the defendant stated that the sex was consensual, and that his ex-girlfriend was falsely accusing him because she was jealous of his relationship with another woman.
The Supreme Court assessed the defendant 15 points under risk factor 12 for failure to accept responsibility involving an expulsion from sex offender treatment, based upon his longstanding denial of guilt, his lack of insight into his sexual offending behavior, and his removal from sex offender treatment, most recently on June 2, 2019, for poor participation and progress. On appeal, the defendant contests the assessment of those 15 points. He claims that he was improperly assessed points for exercising his constitutional right to a jury trial. He further claims that his removal from sex offender treatment for disciplinary reasons did not constitute a failure to accept responsibility. He further asserts that his removal from sex offender treatment due to poor participation and progress should not be equated with refusal to participate in sex offender treatment.
The defendant's denial of guilt during the presentence interview constituted an affirmative statement that the sex was consensual, not merely an exercise of his Fifth Amendment privilege against self-incrimination (cf. People v Britton, 148 AD3d 1064, 1064-1065, affd 31 NY3d 1019). Under the SORA Guidelines, the court should examine the defendant's most recent statements to determine whether the defendant has accepted responsibility (see Sex Offender [*2]Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). Here, the Supreme Court considered the totality of the defendant's behavior, including his expulsion from treatment on June 2, 2019, based upon his poor participation and progress. Under the circumstances, the assessment of the 15 points at issue was supported by clear and convincing evidence (see People v Sierra, 132 AD3d 460; People v Malave, 106 AD3d 657, 659; People v MacDowall, 59 AD3d 763).
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level three sex offender.
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court