People v Austin (2025 NY Slip Op 02282)

People v Austin

2025 NY Slip Op 02282

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Moulton, J.P., González, Scarpulla, Higgitt, Michael, JJ. 

Index No. 2324/14|Appeal No. 4069|Case No. 2022-02949|

[*1]The People of the State of New York, Respondent,
v
Tywon Austin, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Lorraine Maddalo of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Order, Supreme Court, Bronx County (Margaret L. Clancy, J.), entered on or about June 15, 2022, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant pleaded guilty to rape in the first degree for raping a 13-year-old girl while pinning her down and muffling her cries with his hand. Following his guilty plea, defendant was sentenced to 8 years in prison and 20 years of postrelease supervision.
According to a case summary prepared by the Board of Examiners of Sex Offenders, beginning in 2017, defendant participated intermittently in sex offender treatment yet never completed the program. His treatment was "suspended" on September 23, 2018. Defendant resumed treatment on December 17, 2018, until he was removed on December 15, 2019 due to "poor participation and progress." At the start of 2020, defendant recommenced treatment for approximately 3 months but was removed for "disciplinary reasons." Defendant next resumed treatment in November 2020 but was removed on April 11, 2022, again due to "poor participation and progress." Notably, when the Board of Examiners of Sex Offenders (the Board) issued the risk assessment instrument (RAI), defendant was not on the waiting list for a treatment program because of his "unacceptable attendance and participation."
The SORA court deemed defendant a risk level two offender. In reaching its determination, the court did not consider the time that defendant was unable to participate in treatment for disciplinary reasons. It did, however, consider the times when defendant failed to show up or exhibited poor participation and the fact that he was thereafter removed from sex offender treatment on those grounds.
Defendant's argument that the court improperly relied on the Board's case summary is unpreserved, and we decline to review it in the interest of justice (see People v Irizarry, 124 AD3d 429, 429 [1st Dept 2015], lv denied 25 NY3d 907 [2015]). As an alternative holding, we reject it on the merits. The case summary constituted reliable hearsay and detailed defendant's dates of participation in sex offender treatment and removals from that treatment. The court properly relied on it, given that defendant did not submit other "more compelling evidence" to undermine its accuracy (People v Mingo, 12 NY3d 563, 573 [2009]).
Further, the SORA court properly assessed 15 points under factor 12 of the SORA Risk Assessment Guidelines for defendant's failure to accept responsibility.[FN1] The case summary notes that defendant stated that he pleaded guilty upon the advice of counsel, claimed that the 13-year-old complainant was his friend, and stated that he blacked out during the offense.
In addition, in reviewing defendant's participation in sex offender treatment, the SORA court properly excluded from consideration defendant's removal from sex offender treatment as a result of disciplinary [*2]violations, as the Court of Appeals has held that a "defendant's inability to participate in sex offender treatment due to [] disciplinary violations was not tantamount to a refusal to participate in treatment under the SORA Guidelines" (People v Ford, 25 NY3d 939, 941 [2015]). Nevertheless, the SORA court properly found that defendant's three additional removals from sex offender treatment due to "poor progress and participation," were indicative of a refusal to accept responsibility (see e.g. People v Sierra, 132 AD3d 460 [1st Dept 2015], lv denied 28 NY3d 916 [2016]; People v Zachary, 188 AD3d 935 [2d Dept 2020]; cf. People v Bayron, 193 AD3d 483 [1st Dept 2021], lv denied 37 NY3d 909 [2021] [failure to accept responsibility not found where defendant was removed once from sex offender treatment due to "poor progress and participation," but other evidence showed the defendant's acceptance of responsibility]; People v Hart, 171 AD3d 497, 497 [1st Dept 2019], lv denied 33 NY3d 912 [2019] [same]).
Here, in addition to defendant's statements minimizing his conduct, the record is replete with numerous instances, over several years, of defendant's lack of progress and subsequent removal from sex offender programs. Under these circumstances, the assessment of 15 points for factor 12 was supported by clear and convincing evidence.
Defendant's alternative argument that the SORA court should have granted a downward departure from a risk level two to a risk level one given his family support, participation in sex offender treatment, and postrelease supervision is unavailing. First, defendant's family support was accounted for in the RAI under factor 15 (see People v McNeill, 220 AD3d 518, 518 [1st Dept 2023], lv denied 41 NY3d 903 [2024]). Moreover, defendant had the same family support when he committed the instant offense, thus did not demonstrate that "his claimed support network . . . decreased his particular likelihood of reoffense" (People v Perez, 226 AD3d 487, 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]). Second, defendant's response to treatment was completely unsatisfactory and could not be the basis for a downward departure (see People v Lopez, 215 AD3d 575, 575 [1st Dept 2023], lv denied 40 NY3d 904 [2023]). Third, defendant's 20-year term of postrelease supervision was already accounted for in the RAI under factor 14, and, in any event, is not a "significant mitigating factor" (People v Boubacar, 222 AD3d 409, 410 [1st Dept 2023], lv denied 41 NY3d 904 [2024] [internal quotation marks omitted]). Finally, the seriousness of this crime outweighs the mitigating factors cited by defendant (see id., 222 AD3d at 410).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025

Footnotes

Footnote 1: The commentary for Factor 12 states that, "15 points are assessed to an offender who has refused or been expelled from a sex offender program" as "such conduct is powerful evidence of the offender's continued denial and his unwillingness to alter his behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]).