■ In the Matter of CRYSTAL E. and Others, Children Alleged to be Neglected. FULTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ABIGAIL F., Appellant. [606 NYS2d 827] —Weiss, J. Appeal from an order of the Family Court of

Fulton County (Jung, J.), entered September 8, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to revoke an order of supervision against respondent, and placed her children with petitioner for a period of one year.

Respondent contends that Family Court committed reversible error by failing to make the specific findings required by Family Court Act article 10 in revoking its prior order of supervision and ordering placement of her three children with petitioner. She further argues that the order of placement was against the weight of the evidence. We disagree and affirm.

On December 14, 1990, Family Court adjudicated respondent's children, Crystal (born in 1986), Olivia (born in 1988) and Jolene (born in 1990), to be neglected children and made an order of supervision and trial discharge to respondent's care imposing 10 specific terms and conditions upon her. She was required, *inter alia,* to refrain from striking the children about their heads, to provide them with adequate food, housing and clean clothing, to make certain they are washed daily, and to maintain the home in a clean and sanitary condition. In a petition dated April 3, 1992 and amended May 6, 1992, petitioner sought revocation of the order of supervision and removal of Olivia and Jolene, alleging that respondent had violated the terms and conditions of the prior order.* Following a hearing in which the Law Guardian concluded that respondent had violated the order of supervision and recommended that the children not be returned to her, Family Court found that (1) respondent had been the subject of at least 24 reports to a child abuse and maltreatment hotline, (2) respondent was previously found to have neglected the children, (3) respondent struck Olivia on the cheek and neck with great force causing lacerations, contusions and bruises, (4) respondent permitted the children to be physically dirty and odoriferous with dirty clothing in need of washing, (5) respondent permitted her home to become dirty with food, garbage, feces and urine on the floor, and (6) that respondent failed to cooperate with the homemaker assigned to assist and teach her. Family Court concluded that respondent had willfully and without just cause violated the terms and conditions of

---

* The oldest child, Crystal, had previously been adjudicated neglected in a December 14, 1990 order and placed in petitioner's custody. On October 24, 1991, a Family Court order released Olivia and Jolene from petitioner's temporary custody to respondent under petitioner's supervision but retained custody of Crystal with petitioner until May 20, 1992.

the order of supervision and ordered all three children be placed in petitioner's custody for one year.

We find the evidence adduced from the several witnesses, including the physician who examined Olivia, the police officer who described conditions in the home, a relative of a neighbor who saw the injury to Olivia's face, one of respondent's friends who described the condition of the house and the homemaker assigned to the case, fully supports the conclusion reached. We agree that deference should be accorded Family Court's resolution of the credibility issues raised by conflicting testimony *(see, Matter of Danielle YY.,* 188 AD2d 894, 896, *lv denied* 81 NY2d 706; *Matter of Lauren KK.,* 175 AD2d 393, 394). We further reject respondent's contention that the order was technically defective and hold that such deficiencies, if any, were harmless in the context of this case *(see, Matter of Rachel G.,* 185 AD2d 382, 383-384).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.