■ In the Matter of NICHOLE L. and Another, Children Alleged to be Abused and/or Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CINDY M., Appellant. [622 NYS2d 1006] —Peters, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered August 3, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Both Nichole L. (hereinafter the victim), born in 1987, and her sister, Heather L., born in 1988, currently reside with their father and stepmother. Respondent, their mother, had weekend visitation every Saturday to Sunday. In February 1993, petitioner commenced this proceeding alleging that the victim had been sexually abused by respondent.

At the fact-finding hearing, the stepmother testified that on or about January 10, 1993, the victim revealed that during visitation respondent touched her rectum and vagina. As a result thereof, a call was placed to the child abuse "hotline"

on January 14, 1993 which commenced an investigation. The caseworker assigned as a result of that investigation testified that the victim told her that her mother had touched her in the vaginal and anal areas and had inserted her finger inside of her vagina. The victim further told the caseworker that when respondent did such acts to her, it hurt.

The results of the victim's physical examination, which included colposcopic photographs of her vaginal area, were reviewed by a doctor who is an assistant professor of pediatrics and the Director of the Child Abuse Referral and Evaluation Clinic in Syracuse. Such doctor testified that the victim's hymen had a notch at the 6 o'clock position, a bump at the 5 o'clock position and scarring of the hymen, all indicative of digital penetration of the vagina. A psychologist with experience in child abuse proceedings also testified that she evaluated the victim and that based upon behavioral psychological indicators and oral disclosures, she determined that the child had been the victim of sexual abuse. An assistant psychologist further testified that she was present during the medical examination and that during such time the victim reiterated her statements of abuse. Another caseworker further testified that the victim revealed that respondent told her to say that the stepmother committed the abuse.

Family Court found that the child was sexually abused and that respondent was the perpetrator. As a result of such finding, the court determined that the victim's sister, Heather, is a neglected child. Respondent appeals.

Respondent contends that Family Court's finding of abuse is not supported by a preponderance of the evidence. While it is well settled that a victim's out-of-court statements, standing alone, are insufficient to support a finding of abuse (see, Family Ct Act § 1046 [a] [vi]), such out-of-court statements may be corroborated by any other evidence tending to support their reliability (see, id.; Matter of Nicole V., 71 NY2d 112, 118). Family Court is therefore given considerable discretion in the first instance to decide whether a child's out-of-court hearsay statements have been sufficiently corroborated and whether the record, as a whole, supports a finding of abuse (Matter of Nicole V., supra, at 119; see, Matter of Vincent I., 205 AD2d 878).

Conceding that the victim had been sexually abused, respondent contends on appeal that there was a lack of corroboration that she was the abuser. We disagree. It is by now well settled that corroborative evidence as to the identity of the abuser is not required (see, Matter of Justina S., 180 AD2d

642) as long as the " 'totality of the evidence provides strong confirmation of the credibility of the child's statements concerning commission of the act and the identity of the abuser' " (Matter of Faith AA., 139 AD2d 22, 24; see, Matter of Nicole V., 123 AD2d 97, 105, affd 71 NY2d 112, supra). Here, as in Matter of Justina S. (supra), the victim consistently identified respondent as the perpetrator, detailed the abusive acts and was consistent in her story when asked to repeat it. In light of the uncontroverted medical evidence, the psychologist's behavioral analysis and the testimony of the caseworker, we find that the evidence, as a whole, provides sufficient corroboration of the victim's "strong and consistent" statements concerning the commission of the act and the identity of the abuser (see, Matter of Davina C., 186 AD2d 422). To the extent that respondent denied that she was the perpetrator, such testimony merely presented a credibility issue for Family Court to resolve, with such findings not to be "disturbed on appeal unless they lack a sound and substantial basis in the record" (Matter of Daniel R. v Noel R., 195 AD2d 704, 706). We find that the record wholly supports Family Court's determination.

We further reject respondent's contention that Family Court's failure to specify under which subdivision of Family Court Act § 1012 (e) the abuse falls, with the further failure to specify the particular sex offense as defined in Penal Law article 130, denied respondent of due process. The petition clearly alleges that respondent sexually abused the victim by fondling her vaginal and anal areas and that there was digital penetration of the victim's vagina. While Family Court did not specify the particular section upon which the findings were based as mandated by Family Court Act § 1051 (e), it did find the allegations in the petition to be proven, that the victim was the subject of abuse and that respondent was the perpetrator. We find that despite such error, the detail provided by Family Court's findings, coupled with the record herein, did not affect respondent's ability to make an effective appeal or undermine our ability to engage in appellate review. Thus, we find the defect technical in nature and, noting no prejudice, to be harmless (see, Matter of Rachel G., 185 AD2d 382, 384; see also, Matter of Crystal E., 200 AD2d 868).

Based on the record before us, "this court can, in order to save judicial time and avoid multiplicity of litigation, make the finding that the Family Court should have made" (Matter of Nassau County Dept. of Social Servs. [Erika K.] v Steven K., 176 AD2d 326, 329). We find that Family Court's determina-

tion could only be premised upon a violation of Family Court Act § 1012 (e) (iii) and that the specific sex offense which should have been detailed was aggravated sexual abuse in the second degree (Penal Law § 130.67). Hence, in light of the court's findings that respondent sexually abused her daughter, less than 11 years of age, by digital penetration of the victim's vagina and that the medical testimony substantiated that such act caused the child to experience severe pain and injury, we find the above error to be harmless. In so determining, we reject respondent's contentions that the victim did not suffer "physical injury" or that there was no "sexual contact" within the meaning of the Penal Law *(see, People v Crandall,* 53 AD2d 956, *affd* 45 NY2d 851).

Accordingly, we find Family Court's findings to be supported by a preponderance of the evidence and therefore affirm the order in its entirety.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.