■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v MELVIN E. PAINTER, Appellant-Respondent. [633 NYS2d 547] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered March 16, 1993, convicting him of rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child (five counts), upon a jury verdict, and imposing sentence, and cross appeal by the People from so much of an order of the same court, entered April 19, 1993, as granted that branch of the defendant's motion pursuant to CPL 330.30 which was to set aside so much of the jury verdict as convicted him of aggravated sexual abuse in the second degree.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the motion to set aside the verdict is denied in its entirety, so much of the jury verdict as convicted the defendant of aggravated sexual abuse in the second degree is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the imposition of sentence on that count.

The Supreme Court granted that branch of the defendant's motion which was to set aside so much of the jury's verdict as convicted him of aggravated sexual abuse in the second degree *(see,* Penal Law § 130.67 [1] [c]), on the ground that the evidence adduced at trial was legally insufficient to sustain the conviction on that count. We disagree.

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of aggravated sexual abuse in the second degree beyond a reasonable doubt. The defendant sexually abused the six-year-old complainant by inserting his finger into the child's vagina and the medical testimony substantiated that this act caused the

child to experience severe pain and injury. We reject the defendant's contention that the complainant did not suffer "physical injury" within the meaning of the Penal Law *(see, Matter of Nichole L.,* 213 AD2d 750; *People v Tomczak,* 189 AD2d 926).

The Supreme Court erred in receiving the testimony of a Child Protective Services employee regarding statements made to him by the complainant during an interview since those statements constituted improper bolstering *(see, People v McDaniel,* 81 NY2d 10, 16; *People v Pond,* 217 AD2d 721; *People v Guce,* 164 AD2d 946, 950). However, the admission of these statements, which implicated a codefendant only, were not so prejudicial so as to warrant reversal. The complainant's testimony with respect to the defendant's acts, coupled with the defendant's confession, presents overwhelming proof of the defendant's guilt. Thus, the improper admission of the challenged testimony from the Child Protective Services case worker was harmless error *(see, People v Crimmins,* 36 NY2d 230, 241-242).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not require reversal. Joy, J. P., Hart, Goldstein and Florio, JJ., concur.