■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAYMOND HANNAH, Respondent. [700 NYS2d 229] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mullen, J.), dated April 19, 1993, as granted that branch of the defendant's motion pursuant to CPL 330.30 which was to set aside so much of the jury verdict as convicted him of aggravated sexual abuse in the second degree under count seven of the indictment on the ground that the evidence adduced at trial was legally insufficient to sustain the conviction on that count.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was to set aside so much of the jury verdict as convicted the defendant of aggravated sexual abuse in the second degree under count seven of the indictment is denied, the verdict of guilt under count seven of the indictment is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for sentencing on that count.

The Supreme Court improperly granted that branch of the defendant's motion which was to set aside so much of the jury verdict as convicted him of aggravated sexual abuse in the second degree (*see,* Penal Law § 130.67 [1] [c]) under count seven of the indictment on the ground that the evidence adduced at trial was legally insufficient to sustain the conviction on that count. Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of aggravated sexual abuse in the second degree beyond a reason-

able doubt. The defendant sexually abused the then-six-year-old complainant by inserting his finger into her vagina. The medical testimony substantiated that this abuse injured and traumatized the complainant. We reject the defendant's contention that the complainant did not suffer physical injury within the meaning of the Penal Law (*see, Matter of Nicole L.,* 213 AD2d 750; *People v Tomczak,* 189 AD2d 926). S. Miller, J. P., O'Brien, McGinity and Smith, JJ., concur.