■ The People of the State of New York, Respondent, v Raul Flores, Appellant. [725 NYS2d 655] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered December 6, 1996, convicting him of kidnapping in the second degree, promoting prostitution in the second degree, promoting prostitution in the third degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rios, J.), of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and statements he made to law enforcement authorities.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

At trial, one of the witnesses produced by the People was a woman who had previously lived with the defendant. During her cross-examination, the defense introduced into evidence a five-page letter written to the defendant in Spanish. The witness admitted that she was the author of the letter and read one sentence from it which was then translated in open court into English. Thereafter the entire letter, without an accompanying English translation, was received into evidence. The jury returned a verdict finding the defendant guilty, among other things, of kidnapping in the second degree.

The defendant moved to set aside the verdict pursuant to CPL 330.30 (2) because he was apprised that one of the jurors who had a knowledge of Spanish had translated the entire letter for the jury. A hearing pursuant to CPL 330.30 was held, at which two members of the jury testified that during the course of deliberations, the jury summoned a court officer and inquired of him if they could have the entire letter translated into

English. The court officer responded with words to the effect that the evidence was "the way it was," and asked the jury if they wanted to have someone from the court translate the letter for them. They responded that there was someone on the jury who spoke Spanish and that juror would translate for the entire jury. It appears that the court officer never properly informed the court of this exchange or instructed the jury to put their request to have the letter translated in written form and submit it to the court.

It is well settled that a court "may not delegate to a nonjudicial staff member its authority to instruct the jury on matters affecting their deliberations" (*People v Bonaparte,* 78 NY2d 26, 30; *see also, People v Torres,* 72 NY2d 1007; CPL 310.10 [1]). Here the court officer usurped the court's function by permitting the jury to believe that it could allow one of their members to translate the letter. Moreover, the juror's translation injected "non-record evidence into the calculus of judgment which a defendant cannot test or refute by cross-examination" (*People v Maragh,* 94 NY2d 569, 575).

Accordingly, under all these circumstances, the defendant is entitled to a new trial (*see, People v Maragh, supra*; *People v Bonaparte, supra*; *People v Torres, supra*).

Since there must be a new trial, we note that there is no merit to the defendant's contentions that the hearing court erred in denying suppression of his statements (*see, People v Cea,* 237 AD2d 617), and certain physical evidence (*see, People v Love,* 84 NY2d 917; *People v Palma,* 243 AD2d 509; *People v Biro,* 227 AD2d 944).

The defendant's remaining contention is academic in light of our determination. Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.