THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN ARREAGA, Appellant. [793 NYS2d 179]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered July 24, 2003, convicting him of burglary in the first degree, aggravated sexual abuse in the second degree (two counts), and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Adler, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The defendant's initial inculpatory statement was not the result of custodial interrogation (*see People v Yukl*, 25 NY2d 585, 588 [1969], *cert denied* 400 US 851 [1970]; *People v Ellerbe*, 265 AD2d 569, 570 [1999]; *People v Delfino*, 234 AD2d 382 [1996]; *People v Jones*, 228 AD2d 522 [1996]).

Contrary to the defendant's assertion, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*,

60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish "physical injury" beyond a reasonable doubt (Penal Law § 10.00 [9]; *see People v Hannah*, 267 AD2d 402 [1999]; *People v Painter*, 221 AD2d 481 [1995]; *People v Johnston*, 273 AD2d 514 [2000]; *Matter of Nichole L.*, 213 AD2d 750, 753 [1995]; *People v Tomczak*, 189 AD2d 926, 927 [1993]). Moreover, upon the exercise of our factual review power, we are satisfied that the weight of the evidence supports the jury's conclusion that the complainant suffered a "physical injury" (Penal Law § 10.00 [9]; *see* CPL 470.15 [5]).

The trial court properly considered objections to the jury's request to obtain an official translation of the Spanish-language *Miranda* (*see Miranda v Arizona*, 384 US 436 [1966]) form signed by the defendant even though the court originally instructed the jury that such a translation would be provided (*see* CPL 310.30). Moreover, upon considering the parties' arguments, the trial court properly instructed the jurors that they were not entitled to hear an official translation by a court interpreter during deliberations. To permit the official translation after the close of evidence would have deprived the People of the right to cross-examine the court interpreter (*see People v Martinez*, 222 AD2d 702 [1995]; *cf. People v Flores*, 282 AD2d 688, 689 [2001]). In any event, there was no evidence that a police officer's translation was inaccurate (*see People v Figueroa*, 197 AD2d 633 [1993]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.