■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL FISHER, Appellant. [803 NYS2d 45]—

Order, Supreme Court, New York County (Philip M. Grella, J.), entered on or about May 11, 2004, which adjudicated defendant a level three sex offender following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C) and designated him a sexually violent offender pursuant to Correction Law § 168-a (3) (b) and (7) (b), unanimously modified, on the law, the facts and in the exercise of discretion, defendant adjudicated a level two sex offender, and otherwise affirmed, without costs.

In determining defendant's sex offender status, the court properly raised defendant's "Use of Violence" score based on a medical examination which indicated that the 11-year-old victim sustained the requisite physical injury, namely, an abrasion to her vulva and a tear to her hymen (see Penal Law § 10.00 [9]; People v Hannah, 267 AD2d 402 [1999]; People v Painter, 221 AD2d 481 [1995], lv denied 87 NY2d 976 [1996]). The court also properly raised defendant's "Sexual Contact with Victim" score since the People demonstrated that defendant engaged in aggravated sexual abuse by inserting his finger into the vagina of a physically helpless victim (see Penal Law § 130.67 [1] [b]; People v Sensourichanh, 290 AD2d 886 [2002]; People v Irving, 151 AD2d 605 [1989]).

While defendant does not contest the court's assessment of 20 points for the category "Age of Victim," he maintains that the

court's further assessment of an additional 20 points for "Other Victim Characteristics," i.e., physical helplessness, constituted improper double counting. While double counting may not always constitute error, we agree, under the particular circumstances of this case, with the "Specific Guidelines" of the Commentary to the Sex Offender Registration Act that double counting is inappropriate for these two factors absent special circumstances, which the People did not establish. Therefore, we hold that the court should not have assessed points against defendant in this category.

The People also failed to establish by clear and convincing evidence that the victim was a stranger to the defendant or "a person with whom a relationship had been established or promoted for the primary purpose of victimization" (Sex Offender Registration Act, Risk Assessment Guidelines, factor 7; *see also* Correction Law § 168-a [9]). Thus, the court improperly assessed points in the "Relationship Between Offender and Victim" category.

Even if, as defendant contends, he should not have been assessed points under the "Age at First Sex Crime" category, it would not alter our conclusion that he should be deemed a level two sex offender.

Upon review of the record, we find no basis to disturb the hearing court's determination that defendant did not fully accept responsibility for his actions.

We reject defendant's contention that the court, in assessing his sex offender classification, relied on impermissible hearsay (*see People v Dort*, 18 AD3d 23 [2005], *lv denied* 4 NY3d 885 [2005]).

Accordingly, we find that the total points which should have been assessed to defendant fall within the level two classification. We find no legal or statutory basis in the record for an upward departure from this classification (*see People v Guaman*, 8 AD3d 545 [2004]).

We have considered and rejected defendant's remaining contentions. Concur—Marlow, J.P., Ellerin, Nardelli, Williams and Sweeny, JJ.