■ The People of the State of New York, Respondent, v Roy E. Nelmes, Appellant. [976 NYS2d 392]—

Appeal by the defendant, as limited by his brief, from so much of an order of the County Court, Dutchess County (Greller, J.), dated March 2, 2012, as, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), "the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence" (*People v King*, 80 AD3d 681, 682 [2011]; *see* Correction Law § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). " '[E]vidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay' " (*People v Eaton*,

105 AD3d 722, 723 [2013], quoting *People v Crandall*, 90 AD3d 628, 629 [2011]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]).

Here, contrary to the defendant's contention, the County Court properly assessed him 15 points under risk factor 11 for a history of alcohol abuse. The assessment of these points was supported by clear and convincing evidence in the record, including the case summary completed by the Board of Examiners of Sex Offenders and the defendant's presentence report (*see People v Crandall*, 90 AD3d at 629; *People v Harris*, 93 AD3d 704, 705 [2012]; *People v Robinson*, 55 AD3d 708 [2008]). Accordingly, the County Court properly designated the defendant a level two sex offender. Dickerson, J.P., Chambers, Roman and Miller, JJ., concur.