*652 Appeal by the defendant, as limited by his brief, from so much of an order of the County Court, Suffolk County (Kahn, J.), dated March 15, 2013, as, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.
In establishing a defendant’s risk level pursuant to the Sex Offender Registration Act (hereinafter SORA; see Correction Law art 6-C), “the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence” (People v King, 80 AD3d 681, 682 [2011]; see People v Nelmes, 112 AD3d 683 [2013]; Correction Law § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). “ ‘[E]vidence may be derived from the defendant’s admissions, the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders ... or any other reliable source, including reliable hearsay’ ” (People v Eaton, 105 AD3d 722, 723 [2013], quoting People v Crandall, 90 AD3d 628, 629 [2011]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]).
Here, the People established by clear and convincing evidence, consisting of the victim’s medical records and the presentence report, that the defendant inflicted physical injury on the victim, which supported the assessment of 15 points under risk factor 1 (see People v Kruger, 88 AD3d 1169, 1170 [2011]; People v Sullivan, 64 AD3d 67, 73 [2009]; People v Fisher, 22 AD3d 358 [2005]; see also People v Lackey, 36 AD3d 953, 955 [2007]; People v Painter, 221 AD2d 481, 481-482 [1995]).
However, as the People correctly concede, the County Court improperly assessed the defendant 15 points under risk factor 11 for a history of alcohol abuse. The deduction of 15 points from the defendant’s point total on the risk assessment instrument renders a score of 70, which results in a presumptive risk level of one. Accordingly, the defendant should be designated a level one sex offender under SORA (see Correction Law § 168-d [3]). We note that the defendant remains classified as a “sexually violent offender” (Correction Law § 168-a [3], [7] [b]) and will be subject to lifetime registration requirements (see Correction Law §§ 168-h [2]; 168-o [1]; People v Pendelton, 50 AD3d 659, 660 [2008]). Balkin, J.P, Chambers, Austin and Roman, JJ., concur.