People v Braxton (2020 NY Slip Op 03809)





People v Braxton


2020 NY Slip Op 03809


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2007-05289

[*1]People of State of New York, respondent,
v
Roland Braxton, appellant. Janet E. Sabel, New York, NY (Denise Fabiano of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Abraham Gerges, J.), dated April 25, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of attempted sodomy in the first degree. After a Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) risk level assessment hearing, the Supreme Court designated the defendant a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, the People established, by clear and convincing evidence, that the assessment of 15 points under risk factor 12 was appropriate based on the defendant's refusal to participate in a sex offender treatment program. The People submitted a refusal notification form signed by the defendant. At the SORA hearing, the defendant did not deny that he had refused treatment. Instead, he offered explanations for his refusal to participate in the program. A refusal to participate in a sex offender treatment program by itself demonstrates an unwillingness to accept responsibility for the crime (see People v Padgett, 170 AD3d 1054; People v Quinones, 157 AD3d 834; People v DeCastro, 101 AD3d 693), and the risk assessment guidelines do not contain exceptions with respect to a defendant's reasons for refusing to participate in treatment (see People v Diaz, 169 AD3d 727; People v Rosario, 164 AD3d 625, 626; People v Quinones, 157 AD3d 834; People v Grigg, 112 AD3d 802, 803; People v DeCastro, 101 AD3d 693).
We agree with the Supreme Court's assessment of 15 points under risk factor 11, based on the defendant's history of drug abuse (see People v Padgett, 170 AD3d 1054; People v Fryer, 101 AD3d 835).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level three sex offender.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court