People v Staton (2020 NY Slip Op 05243)





People v Staton


2020 NY Slip Op 05243


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-06585

[*1]People of State of New York, respondent,
v
Wayne Staton, appellant. Janet E. Sabel, New York, NY (Lorraine Maddalo of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Elizabeth Foley, J.), dated May 23, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the second degree. After a risk level assessment hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level two sex offender. The defendant appeals.
We agree with the Supreme Court's determination to assess the defendant 15 points under risk factor 12 of the Risk Assessment Instrument. A refusal to participate in a sex offender treatment program demonstrates an unwillingness to accept responsibility for the crime (see People v Diaz, 169 AD3d 727, 727; People v DeCastro, 101 AD3d 693, 694). The "'risk assessment guidelines do not contain exceptions with respect to a defendant's reasons for refusing to participate in treatment'" (People v Diaz, 169 AD3d at 727, quoting People v Grigg, 112 AD3d 802, 803). Such evidence is "only relevant in considering a request for . . . downward departure" (People v Grigg, 112 AD3d at 803).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "'(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Diaz, 169 AD3d at 728, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006; hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not tend to establish a lower likelihood of reoffense or danger to the community to warrant a departure. Accordingly, we agree with the Supreme Court's determination denying the defendant's application for a downward departure from the presumptive risk level (see People v Rocano-Quintuna, 149 AD3d 1114).
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court