People v Selby (2021 NY Slip Op 00889)





People v Selby


2021 NY Slip Op 00889


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-04277

[*1]People of State of New York, respondent, 
v
Gregory Selby, appellant. Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Andrew S. Ayala of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Deborah Dowling, J.), dated December 6, 2017. The order, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant was assessed 85 points, within the range for a presumptive designation as a level two sex offender. The defendant contested 10 of those points, which were assessed for an alleged failure to accept responsibility. The Supreme Court noted that even discounting the 10 points assessed for a failure to accept responsibility, the defendant was still assessed 75 points, which still rendered him presumptively a level two sex offender. The issue of whether the defendant was properly assessed 10 points for failure to accept responsibility is academic in light of the uncontested assessment of those 75 points (see People v Grubert, 160 AD3d 993).
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
In this case, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level. The factors cited by the defendant were taken into account by the SORA Guidelines (see People v Santos, 174 AD3d 658). Since there was no evidence that the defendant's response to sex offender treatment was exceptional, that was not a ground for a downward departure (see People v Desnoyers, 180 AD3d 1080).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court