People v Hagen (2021 NY Slip Op 02426)





People v Hagen


2021 NY Slip Op 02426


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2020-06875

[*1]People of State of New York, respondent,
v
Marcus Hagen, appellant.


Benjamin Greenwald, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Orange County (William L. DeProspo, J.), dated February 28, 2019. The order, after a hearing, designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court, after a hearing, designated the defendant a level three sex offender based upon a total assessment of 120 points. The defendant appeals, challenging the assessment of 5 of the 15 points assessed under risk factor 12, and 10 points assessed under risk factor 15.
"In establishing an offender's appropriate risk level under SORA, the People 'bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence'" (People v Watkins, 168 AD3d 1007, 1007-1008, quoting Correction Law § 168-n[3]).
For purposes of assessing points under risk factor 12, the SORA: Risk Assessment Guidelines and Commentary (at 15 [2006] [hereinafter Guidelines]) "assess 10 points to an offender who has not accepted responsibility for his conduct and 15 points are assessed to an offender who has refused or been expelled from a sex program." "The guidelines add five points if the offender has refused or been expelled from treatment since such conduct is powerful evidence of the offender's continued denial and his unwillingness to alter his behavior" (id. at 16). Here, as the People correctly concede, the defendant should have been assessed only 10 points instead of 15 points under risk factor 12, since the People did not prove the defendant refused to participate in a sex offender treatment program by clear and convincing evidence (cf. People v Staton, 186 AD3d 1735, 1736).
Further, as the People correctly concede, they did not prove by clear and convincing evidence that the defendant had an inappropriate living or employment situation so as to warrant the assessment of 10 points under risk factor 15 (see People v Morris, 140 AD3d 843, 844).
Accordingly, the total assessment of 120 points must be reduced by 5 points, which were incorrectly assessed under risk factor 12; and 10 points, which were incorrectly assessed under risk factor 15, bringing the total assessment to 105 points. Consequently, the defendant should have been designated a level two sex offender.
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court