People v Mohansingh (2021 NY Slip Op 06379)





People v Mohansingh


2021 NY Slip Op 06379


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-04006

[*1]The People of the State of New York, respondent,
v
Kyron Mohansingh, appellant. Janet E. Sabel, New York, NY (Kerry Elgarten of counsel), for appellant.


Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (William Garnett, J.), dated February 27, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree in satisfaction of an indictment which also charged him with multiple felonies including, inter alia, attempted rape in the first degree of another victim. Prior to the defendant's release from prison, the Supreme Court held a risk level assessment hearing under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). Following the hearing, the court, consistent with the recommendation of the Board of Examiners of Sex Offenders, assessed the defendant a total of 125 points and designated him a level three sex offender.
Contrary to the defendant's contention, the assessment of 15 points under risk factor 1 was supported by clear and convincing evidence, as the grand jury testimony of the complaining witnesses and the records of the medical treatment that they received after the violent assaults by the defendant demonstrated that the defendant inflicted physical injury upon each of them (see People v Chiddick, 8 NY3d 445; People v Sullivan, 64 AD3d 67; Matter of Ashley M., 35 AD3d 612).
Similarly, the assessment of an additional 15 points under risk factor 11 was supported by clear and convincing evidence, since the defendant's history of drug offenses, his previous participation in a substance abuse program, and his statements following his arrest and during his presentence investigation interview sufficed to establish both a history of drug abuse and his abuse of drugs at the time of the sex offense to which he pleaded guilty (see People v Palacios, 137 AD3d 761; People v Aldarondo, 136 AD3d 770; People v Jones, 130 AD3d 601).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court