People v Edmee (2022 NY Slip Op 03259)

People v Edmee

2022 NY Slip Op 03259

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-06738

[*1]People of State of New York, respondent,
v
Etzer Edmee, appellant. Patricia Pazner, New York, NY (Ava C. Page of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Andrew S. Durham of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered July 27, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2007, the defendant was convicted, upon his plea of guilty, of rape in the first degree, criminal sexual act in the first degree, and robbery in the second degree. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 75 points, and designated him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the assessment of 15 points under risk factor 1 was supported by clear and convincing evidence, as the evidence of the violation of the victim's body during the course of the violent sexual assaults, her inability to breathe during some of the assaults, and the evidence of the injuries inflicted, established that the defendant inflicted physical injury upon the victim (see People v Chiddick, 8 NY3d 445, 447; People v Kruger, 88 AD3d 1169, 1170; People v Sullivan, 64 AD3d 67, 74; People v Fisher, 22 AD3d 358; People v Hannah, 267 AD2d 402, 402-403).
Similarly, the assessment of 15 points under risk factor 11 was supported by clear and convincing evidence, since the defendant's treatment records established a history of substance abuse, which he himself identified as a top contributing factor to his sexually offensive behavior (see People v Mohansingh, 199 AD3d 945; People v Vasquez, 197 AD3d 1185, 1186; People v Braxton, 185 AD3d 739). The defendant's contention that the Supreme Court should not have assessed points under risk factor 11 because the People violated the 10-day notice provision of Correction Law § 168-n(3) is without merit, as the court adjourned the SORA hearing and the defendant was afforded a meaningful opportunity to respond to the People's request that additional points be assessed (see People v Lucas, 118 AD3d 415, 416; People v Wheeler, 59 AD3d 1007, 1008; People v Inghilleri, 21 AD3d 404, 405).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court