People v Isaacs (2023 NY Slip Op 05159)

People v Isaacs

2023 NY Slip Op 05159

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-01425
2021-01732

[*1]People of State of New York, respondent,
v Kyle Isaacs, appellant. 

Stacy E. Albin-Leone, Long Beach, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Rebecca L. Abensur of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) an order of the Supreme Court, Nassau County (Robert G. Bogle, J.), dated February 9, 2021, and (2) an amended order of the same court dated February 25, 2021. The amended order, after a hearing, designated the defendant a level two sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the appeal from the order dated February 9, 2021, is dismissed, without costs or disbursements, as that order was superseded by the amended order dated February 25, 2021; and it is further,
ORDERED that the amended order dated February 25, 2021, is reversed, on the law, without costs or disbursements, the order dated February 9, 2021, is vacated, and the defendant is designated a level one sexually violent offender.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court, after a hearing, designated the defendant a level two sexually violent offender based upon a total assessment of 80 points in the risk assessment instrument. With respect to risk factor 1 (use of violence), the court assessed 15 points against the defendant for inflicting physical injury, and an additional 30 points for being armed with a dangerous instrument, for a total of 45 points.
As the People correctly concede, the defendant was improperly assessed a total of 45 points under risk factor 1. The Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (at 6 [2006] [hereinafter the Guidelines]) provide, in relevant part, that "[i]n scoring the categories in the Current Offense[s] section of the [risk assessment] instrument, the Board [of Examiners of Sex Offenders] or court should look to the most serious wrongdoing in each category." Therefore, the Supreme Court erred in assessing both 15 points against the defendant under risk factor 1 for inflicting physical injury, and an additional 30 points under risk factor 1 for being armed with a dangerous instrument. The defendant should have been assessed no more than 30 points under risk factor 1, for being armed with a dangerous instrument, as that was the most serious wrongdoing within that risk factor (see People v Joseph, 40 Misc 3d 141[A], 2013 NY Slip Op 51501[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]; Guidelines at 6).
Deducting the 15 points assessed under risk factor 1 for inflicting physical injury from the defendant's score of 80 points results in a total score of 65 points, which places the defendant as a level one offender. Accordingly, the Supreme Court should have designated the defendant a level one sexually violent offender (see People v Jarama, 178 AD3d 970; People v Chiu, 123 AD3d 896; People v Argueta, 114 AD3d 651, 652).
In light of our determination, we need not reach the defendant's remaining contentions.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court