People v Banister (2025 NY Slip Op 06628)

People v Banister

2025 NY Slip Op 06628

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2024-02614

[*1]The People of the State of New York, respondent,
v
Brian Banister, appellant. 

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 21, 2024, which, after a hearing, adjudicated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of four counts of unlawful imprisonment in the first degree, sexual abuse in the first degree, and kidnapping in the second degree, among other things. At a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 170 points on the risk assessment instrument, presumptively placing him within the risk level three designation. Upon denying the defendant's application for a downward departure from his presumptive risk level, the court designated the defendant a level three sex offender.
Contrary to the defendant's contention, the County Court did not err in assessing him 15 points under risk factor 9, for a prior felony conviction, 15 points under risk factor 11, for a history or drug or alcohol abuse, and 20 points under risk factor 13, for unsatisfactory conduct while confined, with sexual misconduct. "In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Polanco-Lopez, 239 AD3d 778, 779 [internal quotation marks omitted]; see Correction Law § 168-n[3]). Here, the facts contained in a case summary, which constituted reliable hearsay upon which the court was entitled to rely, provided clear and convincing evidence of the assessed points (see People v Mingo, 12 NY3d 563, 572-573; People v Mizrahi, 237 AD3d 980, 981; People v Camacho-Gutierrez, 210 AD3d 811, 812). Additionally, the People's proof, including evidence of the defendant's prior use of cocaine and marihuana, prior convictions for drug possession, disciplinary sanctions involving drug possession, and enrollment in and completion of substance abuse treatment in prison, demonstrated that the points assessed for a history of substance abuse were proper (see People v Mohansingh, 199 AD3d 945; People v Vasquez, 197 AD3d 1185, 1186). In any event, elimination of the points assessed under risk factor 11 would not have changed the defendant's presumptive risk level (see People v Perez, 199 AD3d 946; People v Selby, 191 AD3d 813).
"An offender seeking a downward departure from the presumptive risk level has the [*2]initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by [the] Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Here, the defendant's acceptance of responsibility and successful completion of treatment were already taken into account by the Guidelines (see People v Musarra, 240 AD3d 624, 624-625; People v Contreras, 233 AD3d 807, 808), and the defendant failed to present any evidence to support his other proffered mitigating factor regarding his alleged work with other inmates in prison. Since the defendant failed to make the twofold showing on his application for a downward departure, the application was properly denied (see People v Fleming, 238 AD3d 1078).
IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court