People v Gregory (2025 NY Slip Op 07420)

People v Gregory

2025 NY Slip Op 07420

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-10374

[*1]The People of the State of New York, respondent,
vShannon Gregory, appellant. Twyla Carter, New York, NY (Micaela Gelman of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Trevor B. Cannella of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated September 20, 2024, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sexually violent offender.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65[1]). After a hearing conducted pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant 115 points on the risk assessment instrument, resulting in a presumptive risk level three designation, denied the defendant's application for a downward departure from the presumptive risk level, and designated the defendant a level three sexually violent offender. The defendant appeals, challenging the assessment of 15 points under risk factor 11, 15 points under risk factor 12, and the denial of his application for a downward departure from the presumptive risk level.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence" (People v Otero, 233 AD3d 969, 970 [internal quotation marks omitted]; see Correction Law § 168-n[3]).
"A refusal to participate in a sex offender treatment program demonstrates an unwillingness to accept responsibility for the crime" (People v Staton, 186 AD3d 1735, 1736; see People v Diaz, 169 AD3d 727, 727). For the purpose of assessing points under risk factor 12, the Guidelines "assess 10 points to an offender who has not accepted responsibility for his [or her] conduct and 15 points are assessed to an offender who has refused or been expelled from a sex offender program" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 15 [2006]; see People v Hagen, 193 AD3d 991, 991). Thus, the Guidelines "add five points if the offender has refused or been expelled from treatment since such conduct is powerful evidence of the offender's continued denial and his [or her] unwillingness to alter his [or her] behavior" (Guidelines at 16; see People v Hagen, 193 AD3d at 991). "The risk assessment guidelines do not contain exceptions with respect to a defendant's reasons for refusing to participate in treatment" (People v Staton, 186 AD3d at 1736 [internal quotation marks omitted]). "Such evidence is only relevant in considering a request for [a] downward departure" (id. [internal [*2]quotation marks omitted]). Here, the Supreme Court properly assessed the defendant 15 points under risk factor 12 for not accepting responsibility and refusing treatment (see People v Zachary, 188 AD3d 935, 937; People v Staton, 186 AD3d at 1736; People v Diaz, 169 AD3d at 727).
However, the Supreme Court erred in assessing 15 points under risk factor 11 for history of drug or alcohol abuse. "In order to support the assessment of points under risk factor 11, . . . the People must show by clear and convincing evidence that the offender used drugs or alcohol in excess either at the time of the crime or repeatedly in the past" (People v Leon, 172 AD3d 765, 766 [alteration and internal quotation marks omitted]; see People v Palmer, 20 NY3d 373, 378). Here, the People failed to present clear and convincing evidence that the defendant's marijuana use on the date of the offense was excessive or "causally linked to the sexual assault" (People v Palmer, 20 NY3d at 379; cf. People v Villanueva, 143 AD3d 794, 794). The People's evidence was also insufficient to establish that the defendant used marijuana or other substances in excess repeatedly in the past (see People v Daniel, 196 AD3d 653, 655; People v Leon, 172 AD3d at 766). Without the assessment of points under risk factor 11, the defendant's point total was 100, which is within the range for a presumptive level two designation.
The Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level (see People v Gillotti, 23 NY3d 841, 861). The mitigating factors cited by the defendant, including his family support, expressions of remorse, and sex offense history, either were adequately taken into account by the Guidelines, did not otherwise establish a lower likelihood of reoffense, or were not supported by a preponderance of the evidence (see People v Barrott, 199 AD3d 1029, 1030; People v Zapata, 186 AD3d 761, 762; People v Saintilus, 169 AD3d 838, 839; cf. People v Fisher, 177 AD3d 615, 616).
Accordingly, the defendant should be designated a level two sexually violent offender.
CHAMBERS, J.P., VOUTSINAS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court