People v Gardner (2026 NY Slip Op 00539)

People v Gardner

2026 NY Slip Op 00539

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2025-02859

[*1]The People of the State of New York, respondent,
vRichard Gardner, appellant.

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated February 24, 2025, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is modified, on the law, by deleting the provision thereof designating the defendant a level three sexually violent offender, and substituting therefor a provision designating the defendant a level three sex offender; as so modified, the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of one count of knowingly receiving depictions of minors engaged in sexually explicit conduct (see 18 USC § 2252[a][2]). Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant was designated a level three sexually violent offender. The defendant appeals.
Contrary to the People's contention, the defendant preserved for appellate review his contention that the assessment of 15 points under risk factor 11 was not supported by clear and convincing evidence. However, clear and convincing evidence, including the defendant's inpatient admission to a substance abuse treatment facility, supported the County Court's determination under risk factor 11 (see People v Edmee, 205 AD3d 938, 939; People v West, 189 AD3d 1481, 1482). The court also properly assessed the defendant 15 points under risk factor 12 based on his expulsion from a sex offender treatment program (see People v Gregory, ___ AD3d ___, ___, 2025 NY Slip Op 07420, *1; People v Staton, 186 AD3d 1735, 1736).
Contrary to the defendant's further contention, the County Court providently exercised its discretion in denying his application for a downward departure. Although the assessment of points under risk factor 3 can result in an overassessment of a defendant's level of risk in some cases involving possession of child pornography (see People v Gillotti, 23 NY3d 841, 860), a downward departure was not warranted under the totality of the circumstances presented in this case, as there was no overassessment of the defendant's risk level (see People v Musarra, 240 AD3d 624, 625; People v Benchocron, 226 AD3d 832, 833).
However, as the People correctly concede, the defendant should not have been designated a sexually violent offender (see Correction Law § 168-a[3]; People v Sherlock, 44 NY3d [*2]224, 229-230). Accordingly, we modify the order to remove that designation.
The People's remaining contention need not be reached in light of our determination.
GENOVESI, J.P., CHRISTOPHER, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court